entered May 21, 1926, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the board of assessors of the city of New York to ascertain the damage, if any, sustained by petitioner's property by reason of the construction of the board walk on the beach at Coney Island. The petitioner owned real property which fronted for 100 feet on the. beach. The Appellate Division held that the erection of the board walk was not such a change of grade in a street or avenue as was contemplated in section 951 of the charter of the city of New York, providing for award of damages to property owners arising from grading streets.

*Charles Lamb* and *Charles J. Nehrbas* for appellant.

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly* and *John J. Mead* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

RACHEL YEDLIN et al., Respondents, *v.* HARRIS RUBIN et al., Appellants, Impleaded with Another.

*Vendor and purchaser — fraud — false representations — fiduciary relations — action to rescind purchase of real property, cancel purchase-money bond and mortgage and recover cash paid on transfer.*

*Yedlin* v. *Rubin*, 219 App. Div. 694, affirmed.

(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered March 26, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiffs. The action was brought to rescind the purchase by plaintiffs of certain real property, to cancel a purchase-money bond and mortgage and to recover the cash paid by them upon the conveyance of the property on the ground of

34

fraud.   The evidence shows that one of the plaintiffs, a widow who had received some life insurance on the death of her husband, consulted one of the defendants, an officer of her church in whom she had confidence, as to investment, and on his advice purchased from his son the premises in question; that a portion of the premises were untenanted at the time, but that defendants falsely represented that they were all rented and that the tenants would shortly move in; that no tenants moved in and that a few months after taking title, plaintiff being unable to meet payments due on the mortgage, the same was foreclosed and she lost everything.   The Appellate Division held that there was a fiduciary relationship and that defendants knew or should have known that plaintiffs would be unable to carry the property.

*Robert H. Wilson* and *Max L. Kane* for appellants.

*Gustave B. Garfield* and *Maurice V. Seligson* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MORRIS ROSENBLUM, Respondent, *v.* MORRIS FELLER et al., Copartners Doing Business under the Name of NEW ENGLAND DOUGHNUT AND CRULLER COMPANY, Appellants.

*Negligence — motor vehicles — evidence — action to recover for personal injuries arising from collision of automobile with wagon — evidence that defendants were insured and that one of defendants had given untrue testimony pursuant to conspiracy with plaintiff to mulct insurance company, properly excluded.*

*Rosenblum* v. *Feller*, 221 App. Div. 805, affirmed.
(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 8, 1927, affirming a judgment in favor of